# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA MARIE DANIELS,<br><br>  Plaintiff,<br><br>  v.<br><br>D. K. JOHNSON, et al.,<br><br>  Defendants. | Case No. 1:18-cv-01160-LJO-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Sonya Marie Daniels, a state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed August 27, 2018. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . ..." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff alleges that various correctional officers, medical personal, psychological personnel, and prison officials (twenty-one in all) violated her right to adequate medical care and conditions of confinement under the Eighth Amendment, and retaliated against her in violation of the First Amendment. Based on review of Plaintiff's complaint, she received an injury to her arm and was referred for an orthopedic exam. Plaintiff had an examination around September 10, 2015, and was supposed to return in two weeks, but had been scheduled to transfer from the Central California Facility for Women ("CCW") where she was housed at the time to the California Institution for Women ("CIW") where she is currently housed. Although Plaintiff did not want to transfer, she was scheduled for transfer and her property was packed for transport.

Although not clear as to the exact timing in relation to the transport, Plaintiff alleges that another inmate slit Plaintiff's wrist on September 15, 2015, and Plaintiff ended up being sent to

the crisis center as a 5150. Plaintiff initially refused to tell prison officials who slit her wrists and psychological staff believed that Plaintiff was refusing to take responsibility and not being truthful when she told them that her injuries were not self-inflicted. Plaintiff challenges the conditions that she was housed in while on suicide watch and contends that psychological staff noted in her file that Plaintiff exhibited attention seeking behavior to prevent her from being paroled. Plaintiff was released from the crisis center and sent back to the same room where she was housed with the inmate who she alleges had previously slit Plaintiff's wrists.

While somewhat unclear, it appears that Plaintiff was scheduled to be transported on September 24, 2015, but ignored the transfer ducat because she thought it was issued by mistake. A special transport was ordered for Plaintiff the following day. Plaintiff was escorted to her room to pack her property and move her to another yard. Plaintiff contends that while she was packing her property, three correctional officers who were watching her pack saw the inmate who had slit her wrists steal three of Plaintiff's bags and they did not do anything about it.

Plaintiff further alleges that she received inadequate medical care for a head injury she sustained on January 23, 2015; she was misdiagnosed with a heart condition; and that she was attacked by a different inmate on March 15, 2015. Plaintiff also contends that officials manipulated paperwork to have her inmate appeals denied.

**A.      Plaintiff's Complaint Violates Rule 8 of the Federal Rules of Civil Procedure**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Here, Plaintiff's complaint is neither short nor plain but is constructed as four lengthy claims. Plaintiff's complaint is twenty-four pages of single spaced text that is dense and replete

with Plaintiff's conclusory allegations of misconduct. The claims themselves overlap but also include random incidents making it unclear which incidents Plaintiff is seeking redress for in this action. Further, many of the incidents allege that they were conducted by staff without linkage to any named defendant.

Additionally, for a pleading to state a claim for relief it must contain a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). While a demand for relief includes relief in the alternative or different kinds of relief, in this instance, Plaintiff seeks only injunctive relief which she is not able to receive in this action.

Plaintiff is seeking a change to California Department of Corrections and Rehabilitation's inmate appeal system and whistleblower protection for inmates. (Compl. 24.) Any award of equitable relief in this action is governed by the Prison Litigation Reform Act ("PLRA"), which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

Plaintiff's request for relief fails for three reasons. First, the Court does not have jurisdiction to grant the relief requested. Second, such relief would not be narrowly tailored to any violation of Plaintiff's federal rights and would be prohibited by the PLRA. Finally, an inmate's claim for injunctive relief is rendered moot by her transfer to another facility, absent demonstration of any reasonable expectation of moving back to the first facility. Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th

4

Cir. 1986). In this case, Plaintiff was transferred to CIW prior to the filing of this complaint, and there are no allegations in the complaint by which the Court can find that she would be entitled to injunctive relief based on the claims alleged. Therefore, any injunctive relief that Plaintiff could receive based on the allegations in the complaint is now moot.

For these reasons, the Court declines to wade through Plaintiff's allegations to decipher the basis of the claims alleged in the complaint. It is for Plaintiff to clearly set forth the actions of the specific defendant that violated her federal rights. Plaintiff is advised that conclusory allegations without sufficient factual detail for the court to reasonably infer that the defendant is liable for the misconduct alleged fail to state a cognizable claim. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.

Plaintiff shall be granted leave to file an amended complaint. Plaintiff's amended complaint shall not exceed 25 pages in length and shall be double spaced using Times New Roman size 12 or a similar font. If Plaintiff's amended complaint fails to comply with this requirement it will be stricken from the record.

The Court provides Plaintiff with the following legal standards that appear to apply to the claims alleged in the complaint.

**B.     Section 1983 Claims**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of *vicarious liability*." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act

which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim, Plaintiff must clearly state which defendant(s) she feels are responsible for each violation of her constitutional rights and their factual basis, as her complaint must put each defendant on notice of Plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

1. <u>Cruel and Unusual Punishment Under the Eighth Amendment</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

**a. Denial of or inadequate medical care**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat her condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010);

Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference[,]" Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106); Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Further, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 988 (quoting Jackson, 90 F.3d at 332).

### b. Conditions of confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan, 465 F.3d at 1045 (citing Farmer, 511 U.S. at 847 and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted);

Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson, 217 F.3d at 731 (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas, 611 F.3d at 1150-51. Eighth Amendment liability requires "more than ordinary lack of due care for a prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Johnson, 217 F.3d at 731.

**c.  Failure to protect**

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

2.  Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva

v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison [pretrial] context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Minor acts such as "bad mouthing" and verbal threats usually cannot reasonably be expected to deter protected speech, and therefore do not violate a plaintiff's First Amendment rights. See Coszalter v. City of Salem, 320 F.3d 968, 975-76 (9th Cir. 2003).

3. Grievance Process

Prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Prison officials are not required under federal law to process inmate grievances in any specific way. Allegations that prison officials denied or refused to process grievances do not state a cognizable claim for a violation of a prisoner's due process rights, because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

**C.     Rule 18 and Rule 20 of the Federal Rules of Civil Procedure**

Finally, "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v.

Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.3d 1371, 1375 (9th Cir. 1980).

Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation does not necessarily make claims related for purposes of Rule 18(a). Nor will the Court find that Plaintiff's claims are related based on the allegation that Plaintiff sent letters to supervisory officials. All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal. Visendi v. Bank of Am., N.A., 733 F3d 863, 870–71 (9th Cir. 2013).

It is clear from review of the complaint that Plaintiff is attempting to bring claims that are unrelated and cannot be joined in a single action under Rules 18 and 20. The complaint is the type of mishmash of a complaint that was addressed in George. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi-claim, multi-]defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George, 507 F.3d at 607.

If Plaintiff's amended complaint continues to allege unrelated claims that are improperly joined, the Court will determine that claims that should proceed in this lawsuit and will recommend dismissal of the remaining claims.

## III.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of her constitutional rights. Plaintiff shall be granted leave to file an amended complaint to cure the

deficiencies identified in this order.  See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .."  Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and shall be double spaced in size 12 Times New Roman or similar font; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:  **November 6, 2018**

UNITED STATES MAGISTRATE JUDGE