UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA MARIE DANIELS,<br><br>            Plaintiff,<br><br>      v.<br><br>D. K. JOHNSON, et al.,<br><br>            Defendants. | Case No. 1:18-cv-01160-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 17)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Sonya Marie Daniels is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 7, 2018, Plaintiff's complaint was screened and the Court found that she had failed to state a cognizable claim. (ECF No. 11.) Plaintiff was provided with the legal standards that apply to claims and granted leave to amend. (Id.) Plaintiff filed a first amended complaint on January 31, 2019. (ECF No. 15.) The first amended complaint was screened on February 8, 2019, and the Court again found that Plaintiff had failed to state a cognizable claim. (ECF No. 16.) Plaintiff was again provided with the legal standards that applied to her claims and was advised that she would be provided with one final opportunity to file a second amended complaint to cure the identified deficiencies. (Id.)

Currently before the Court for screening is Plaintiff's second amended complaint, filed on March 29, 2019. (ECF No. 17.)

/ / /

1

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

# SUMMARY OF COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names Central California Women's Facility ("CCWF") Warden D. K. Johnson,

1  Crisis Center Psychologist M. Scoggins, Crisis Center Psychologist A. Della Porta, Crisis Center

2  Medical Doctor J. Harry, Crisis Center Nurse K. Lewis, Crisis Center Nurse Perez, Crisis Center

3  Nurse Garcia, Correctional Lieutenant Tegtmeyer, Associate Warden C. Hotness, Associate

4  Warden B. Boniford, Correctional Sergeant Garcia, Captain Turner, C. Goynes, and R. Getz as

5  Defendants.

6  Defendants Johnson, Scoggins, Garcia, Della Porta Perez, and Lewis denied Plaintiff basic

7  humane conditions/necessities in order to bully and retaliate against Plaintiff and denied Plaintiff

8  adequate medical care in order to cause Plaintiff harm and pain. Specifically, Defendants denied

9  Plaintiff the most basic needs in an intentional act to cause her to suffer immensely and then

10  intentionally housed her back in violent housing where her wrist was originally slashed by other

11  inmates. Treatment for her fractured wrist was denied. Crisis Center and CCWF staff created an

12  environment that denied Plaintiff her most basic dignity. Plaintiff states that she was left in a cold,

13  freezing room, with only a thin blanket with holes, in her own blood, without toilet paper, without

14  medical care, and without treatment for her fracture even though she was already ill and in pain.

15  Further, due to the actions of Defendants Johnson, Garcia, Tegtmeyer, Goynes, Lopez,

16  Getz, Boniford, and Turner, a "C.C. inmate" was allowed to go out of bounds to physically attack

17  Plaintiff and steal her property. All defendants participated in allowing violent acts to affect

18  Plaintiff by allowing the acts, opening the door for the acts to occur, placing Plaintiff in violent

19  housing, ignoring all of Plaintiff's requests to be removed from the violent situation, or keeping

20  Plaintiff housed in a violent situation as a form of blatant retaliation after Plaintiff refused a transfer.

21  Defendants' actions caused Plaintiff to suffer in a pervasive environment of sexual depravity,

22  violence, and cruelty.

23  As relief, Plaintiff requests compensatory and punitive damages, money to pay for long-

24  term medical care, and any relief that the Court deems necessary.

25  **III.**

26  **DISCUSSION**

27  **A.    Federal Rule of Civil Procedure 8**

28  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

3

exceptions," none of which apply to § 1983 actions.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512 (citation and internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citation omitted).  This is because, while factual allegations are accepted as true, legal conclusions are not.  Id.; see also Twombly, 550 U.S. at 556-57; Moss, 572 F.3d at 969.  Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678  (citations and internal quotation marks omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are merely consistent with a defendant's liability" fall short of satisfying the plausibility standard.  Id. (citation and internal quotation marks omitted).

While "plaintiffs [now] face a higher burden of pleading facts," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  However, since "the liberal pleading standard … applies only to a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled[,]" Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, Doe v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009).

Here, while Plaintiff has specifically named eleven individual Defendants, Plaintiff's second amended complaint fails to include any specific factual allegations identifying each individual Defendant's involvement in any constitutional violation.  Instead, Plaintiff's allegations refer to Defendants generally.  Therefore, Plaintiff's complaint fails to comply with Rule 8(a)'s

4

simplified pleading standard.  Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against *each* defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]" (italics added)); see also Van Dyke Ford, Inc. v. Ford Motor Co., 399 F. Supp. 277, 284 (D. Wis. 1975) ("Specific identification of the parties to the activities alleged by the plaintiffs is required … to enable the defendant to plead intelligently.").

### B.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to adequately link any specific Defendant named in this action to any deprivation of her constitutional rights.  Plaintiff has identified eleven individual Defendants, but Plaintiff has not specifically alleged what each Defendant did, or did not, do to violate her constitutional rights.  Instead, Plaintiff's allegations refer to Defendants generally.  Therefore, Plaintiff has failed to allege a cognizable claim against any Defendant.

### C.     Supervisory Liability

To the extent Plaintiff seeks to hold any Defendant liable based solely upon their supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

5

2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Here, since Plaintiff has failed to attribute any of the alleged unconstitutional conduct to any specific individual Defendant, the Court cannot determine if Plaintiff is attempting to hold any supervisory Defendant liable based solely upon the conduct of their subordinates. Nevertheless, to the extent that Plaintiff is attempting to impose liability on any supervisory Defendant based on a respondeat superior theory of liability, this theory of liability is not cognizable under § 1983.

### D.     Eighth Amendment – Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, 'those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" Id.; see also Hudson v. McMillian, 503 U.S. 1, 9 (1992). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Id.

"A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was 'objectively, sufficiently serious'; and (2) that prison officials were deliberately indifferent to his [health or] safety in allowing the deprivation to take place." Morgan, 465 F.3d at

1045. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if the official knows that the plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837-45 (1994).

Here, while Plaintiff alleges that she was left in a cold room with a thin blanket that had holes in it, in her own blood, without toilet paper, and without medical care, Plaintiff has not alleged how long that she was subjected to those conditions. Therefore, Plaintiff has failed to establish that she suffered a deprivation objectively serious enough to form the basis of an Eighth Amendment violation. Further, since Plaintiff has not alleged specific facts demonstrating that any named Defendant caused, or personally participated in causing, Plaintiff to be placed in the cold room with a threadbare blanket and without toilet paper or medical care, Plaintiff has failed to adequately allege that any named Defendant knew that, by placing Plaintiff into the cold room, Plaintiff faced a substantial risk of harm and disregarded that substantial risk of harm to Plaintiff. Therefore, Plaintiff has failed to allege a cognizable Eighth Amendment conditions of confinement claim against any named Defendant.

**E.     Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat her condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference[,]" Wilhelm, 680 F.3d at 1122

(citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106); Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Further, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 988 (quoting Jackson, 90 F.3d at 332).

Here, Plaintiff generally alleges that Defendants denied Plaintiff adequate medical care in order to cause Plaintiff harm and pain. However, Plaintiff's general allegation is conclusory and fails to establish that any named Defendant was deliberately indifferent to Plaintiff's serious medical needs. More specifically, Plaintiff asserts that she was denied treatment for her fractured wrist. Initially, the Court finds that a fractured wrist is a serious medical need. However, Plaintiff has not alleged any facts showing that any named Defendant knew that there was a serious risk to Plaintiff's health by not treating Plaintiff's injured wrist. In fact, Plaintiff's second amended complaint does not allege that any named Defendant knew that Plaintiff's wrist had been injured and/or that Plaintiff had asked for medical treatment for her injured wrist. Therefore, Plaintiff has failed to allege a cognizable claim for deliberate indifference to her serious medical needs in violation of the Eighth Amendment against any named Defendant.

/ / /

**F.      Eighth Amendment – Failure to Protect**

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff alleges that, due to the actions of Defendants Johnson, Garcia, Tegtmeyer, Goynes, Lopez, Getz, Boniford, and Turner, Plaintiff's wrist was slashed when a "C.C. inmate" was allowed to go out of bounds to physically attack Plaintiff. However, this conclusory allegation fails to adequately allege that any of the Defendants knew of any specific risk of harm to Plaintiff from an assault by the "C.C. inmate" and that each of the Defendants acted, or failed to act, despite that knowledge. Further, Plaintiff also alleges that her rights were violated when Defendants intentionally housed her back into violent housing where her wrist was originally slashed by other inmates. Nevertheless, Plaintiff has not adequately alleged facts showing that any of the named Defendants knew of, and disregarded, any specific risk of harm to Plaintiff when Plaintiff was re-housed in "violent housing." Therefore, Plaintiff has failed to allege a cognizable claim for failure to protect in violation of the Eighth Amendment against any named Defendant.

**G.      First Amendment – Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic

1    elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because

2    of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

3    First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

4    goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668

5    F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th

6    Cir. 2009).

7         Adverse action taken against a prisoner "need not be an independent constitutional

8    violation. The mere threat of harm can be an adverse action." Watison, 688 F.3d at 1114 (internal

9    citations omitted). A causal connection between the adverse action and the protected conduct can

10   be alleged by an allegation of a chronology of events from which retaliation can be inferred. Id.

11   The filing of grievances and the pursuit of civil rights litigation against prison officials are both

12   protected activities. Rhodes, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect

13   on future First Amendment activities, or that he suffered some other harm that is "more than

14   minimal." Watison, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not

15   reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive,

16   that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the

17   maintenance of order in the institution." Id.

18        Here, Plaintiff alleges that Defendants Johnson, Scoggins, Garcia, Della Porta, Perez, and

19   Lewis denied her basic humane conditions as a form of retaliation and that Defendants purposely

20   allowed violent acts to be perpetrated on Plaintiff in retaliation after Plaintiff refused a transfer.

21   However, the Court notes that Plaintiff's allegations are conclusory and unsupported by any

22   specific factual allegations. Further, Plaintiff has not alleged that any named Defendant denied her

23   basic humane conditions or purposely allowed violent acts to be perpetrated on her because she

24   engaged in any conduct protected by the Constitution. While Plaintiff asserts that Defendants

25   allowed violent acts to be perpetrated on her after she refused a transfer, refusing a transfer is not

26   conduct protected by the Constitution. See Washington v. O'Dell, No. 3:17-cv-1615-MMA-PCL,

27   2018 WL 1942372, at *4 (S.D. Cal. Apr. 25, 2018) (stating that "refusing a cell transfer is not

28   protected conduct under the First Amendment[]"). Therefore, Plaintiff has failed to allege a

cognizable claim for retaliation in violation of the First Amendment against any named Defendant.

**H.       Request for Appointment of Counsel**

Plaintiff requests that the Court appoint counsel because, due to repeated head injuries caused by the Defendants in this action, she requires assistance.

However, the Court notes that Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).  "Neither of these considerations is dispositive and instead must be viewed together."  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

Having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet her burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  Therefore, Plaintiff's request for the appointment of counsel is denied, without prejudice.

**IV.**

**CONCLUSION AND RECOMMENDATION**

For the reasons discussed herein, Plaintiff's second amended complaint fails to state a cognizable claim for relief under § 1983 against any named Defendant.  Plaintiff has previously been provided with the pleading and legal standards applicable to her claims in the Court's prior orders screening her original complaint and her first amended complaint, and was advised that this would be her final opportunity to file a complaint to cure the identified deficiencies.  Despite being provided with the legal standards that applied to her claims on two separate occasions, Plaintiff has

been unable to cure the identified deficiencies.  Having reviewed the original complaint, first amended complaint, and second amended complaint, the Court finds that granting Plaintiff further leave to amend would be futile.  See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutmann Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that Plaintiff's request for appointment of counsel is DENIED, without prejudice.

Furthermore, IT IS HEREBY RECOMMENDED that:

1.      The instant action be dismissed for failure to state a cognizable claim for relief; and

2.      The Clerk of the Court be directed to enter judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 14, 2019**

UNITED STATES MAGISTRATE JUDGE